UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
ANDRZEJ BAR, individually and on behalf of all
other persons similarly situated who were employed
by ALL AMERICAN STEEL, INC., IBIZA UNITED
SPACE LLC, SPACE IBIZA NY, MICHAEL
GENITON, JESSICA GENITON, ANTONIO
PIACQUADIO and/or any other entities
Affiliated with or controlled by
ALL AMERICAN STEEL, INC.,

                                       Plaintiff,

               - against –

ALL AMERICAN STEEL, INC.
IBIZA UNITED SPACE LLC,
SPACE IBIZA NY,
MICHAEL GENITON,
JESSICA GENITON,
ANTONIO PIACQUADIO,
JOHN DOES 1-5 and
JANE DOES 1-5,

                                  Defendants.
------------------------------------------------------------X

Civil Case No.:

COMPLAINT

JURY TRIAL DEMANDED

COLLECTIVE/ CLASS ACTION

1. Plaintiff Andrzej Bar ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through their attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendants, ALL AMERICAN STEEL, INC., ("All American"), IBIZA UNITED, SPACE LLC, SPACE IBIZA NY (collectively "IBIZA"), MICHAEL GENITON, JESSICA GENITON, ANTONIO PIACQUADIO (collectively "Individual Defendants"), (all collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

2. Plaintiff brings this action to recover unpaid wages, unpaid overtime wages, damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("FLSA"), and the New Jersey State Wage and Hour Act (N.J.S.A. 34:11-56a et seq.).

3. Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract, unjust enrichment, fraud by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendant into violating the employee contract between the Corporate Defendant and the Plaintiff and others similarly situated of wages they rightfully earned working for the Corporate Defendant.

4. Plaintiff was, for all times relevant to this Complaint, employed as a welder and metal worker for Defendants, a position for which he was paid hourly and that is not exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") or the New Jersey State Wage and Hour Act.

5. At all times relevant to this Complaint, Defendants implemented and enforced unlawful policies and practices in violation of the federal law and state law by failing and refusing to pay Plaintiff overtime pay for overtime worked, notwithstanding that Plaintiff was paid hourly, was not exempt and was entitled to payment for overtime pay.

6. At all times relevant to this Complaint, Defendants maintained policies and practices where they failed to keep accurate time records and whereby Plaintiff was not paid overtime pay in violation of federal law and state law.

7. Defendants' practices as alleged herein violated FLSA, 29 U.S.C. § 201 et seq. and New Jersey Wage and Hour Act, N.J.S.A. 34:11-56a et seq.

## PARTIES

8. Plaintiff, a citizen of New Jersey with an address of 71 Weber Avenue, Sayreville, NJ 08872, was employed with Defendant from on or about July 2004 to September 20, 2015. During the course of his employment, he served as a fulltime employee in the position of welder and metal worker for Defendants.

9. Defendant All American Steel, Inc. is a business corporation doing business in the State of New Jersey with its address of 19 White Oak Drive, Colts Neck, NJ 07722.

10. Michael Geniton is an individual with the address of 19 White Oak Drive, Colts Neck, NJ 07722 and was the employer, and owner, manager and supervisor of Plaintiff's employer, and directly involved in keeping track, calculating, and the payment of wages to Plaintiff and others similarly situated.

11. Jessica Geniton is an individual with the address of 19 White Oak Drive, Colts Neck, NJ 07722 and was the employer, and owner, manager and supervisor of Plaintiff's employer, and directly involved in keeping track, calculating, and the payment of wages to Plaintiff and others similarly situated.

12. Antonio Piacquadio is an individual with the address of 637 West 50th Street, New York, New York 10019, and was the employer, and owner, manager and supervisor with Plaintiff's corporate employer, and directly involved in keeping track, calculating, and the payment of wages to Plaintiff and others similarly situated.

13. Space Ibiza NY and Ibiza United Space LLC are located at 637 West 50th Street, New York, New York 10019. At the applicable periods alleged in this complaint, Ibiza has been the alter ego of the individual Defendants and of All American. Ibiza was used to perpetrate fraud upon Plaintiff and others similarly situated.

14. Ibiza was a co and joint employer of Plaintiff and others similarly situated.

15. Ibiza had no practical separation in its management, finances and decision making, with the same persons being involved with both documents.

16. Funds have been moved from All American to Ibiza.

17. These funds were used for Ibiza purposes at the expense of All American.

18. Instead of paying payroll to Plaintiff and others similarly situated, Defendants extracted massive amounts of money from All American for the purposes of Ibiza.

19. Defendants willfully disregarded their obligations with respect to Plaintiff and others similarly situated by defrauding the foregoing by siphoning away funds from All American.

20. Moreover, Defendant Michael Geniton even took money from Mr. Bar to help open and run Ibiza, and failed to return principal along with interest due.

21. John Does 1-5 and Jane Does 1-5 are yet unknown individual defendants, supervisors, managers and agents, to be added as Defendants.

## JURISDICTION AND VENUE

22. The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is incorporated in the State of New Jersey and is authorized to do business in the State of New Jersey and regularly conducts business in New Jersey.

23. The Court has personal jurisdiction over the Individual Defendants in that they are residents of New Jersey and regularly transact a substantial amount of business and have substantial contacts in New Jersey.

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

25. The Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiffs' claims occurred in this district, and defendants are residents of the district.

## JURY DEMAND

26. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

27. From on or about 2004 to on or about September, 2015, Plaintiff was employed by the Defendant as a full-time metal worker or welder.

28. Defendants were solely responsible for hiring, firing, supervising and paying Plaintiff.

29. At all times mentioned herein, Plaintiff performed his duties satisfactorily for Defendants throughout his employment.

30. From 2004 until February 2011, Plaintiff worked from 6AM to 7PM from Monday through Friday. From 2004 until February 2011, on Saturdays, Plaintiff worked from 7AM until 5PM.

31. From 2004 until February 2011, Plaintiff worked on average one Sunday per month, from 8AM until 3PM.

32. From March 2011 until September 2015, Plaintiff worked Monday through Saturday, Plaintiff worked 50 hours per week on average.

33. Plaintiff also worked occasional Sundays, on average 8 hours per each Sunday worked. Plaintiff usually worked one Sunday per month.

34. At all times alleged, Plaintiff's hourly rate was $27 per hour.

35. From March 2015 until September 2015, Plaintiff was not paid at all.

36. Defendants paid Plaintiff straight time for all work done, and never at an overtime, time and a half rate.

37. Per law, Defendants were to pay Plaintiff 1.5 times hourly pay per overtime hours worked. They did not.

38. Moreover, Defendants did not pay Plaintiff for all hours worked.

39. Defendant failed to pay overtime and hourly compensation owed to Plaintiff pursuant to the applicable provisions of the FLSA and New Jersey Wage and Hour Law.

40. Plaintiff is suing on behalf of all other employees similarly situated. During the statutory period as alleged herein, there were approximately 4 additional employees working as metal workers. These employees were similarly not paid for overtime wages at a proper rate and all hours worked.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and New Jersey Wage and Hour Law with respect to their work for Defendants.

42. Upon information and belief, this class of persons consists of not less than four (4) persons.

43. There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and New Jersey Wage and Hour Law. Only the amount of individual damages sustained by each former or current employee will vary.

44. Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs and others proper overtime wages and regular wages under the FLSA and New Jersey Wage and Hour Law.

45. Plaintiff brings the FLSA and New Jersey Wage and Hour Law claims for relief herein individually and all others similarly situated as collective action pursuant to the FLSA and New Jersey Wage and Hour Law, in respect to all claims that Plaintiffs and all others similarly situated have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action on behalf of themselves and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and New Jersey Wage and Hour Law with respect to their work for Defendants.

47. Upon information and belief, this class of persons consist of not less than four (4) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

48. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and New Jersey Wage and Hour Law. Only the amount of individual damages sustained by each class member will vary.

49. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

50. Plaintiff will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23 (b)(3).

52. Plaintiff brings the first, second, third, fourth and fifth claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, in respect to all claims that Plaintiff and all others similarly situated have against the Defendants as a result of Defendants' violation of the FLSA and New Jersey Wage and Hour Law.

### First Claim for Relief

### Breach of Contract

53. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

54. Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work as construction workers and drivers in furtherance of Defendants' business in exchange for hourly wages.

55. Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of their employment agreements with Defendants, and were therefore entitled to the wages they earned while working for Defendants.

56. Defendants failed or refused to pay Plaintiff and others similarly situated all of their wages to which they were entitled under their employment agreement.

57. Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which they were entitled under their employment agreements constituted a breach of such employment agreements.

58. By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount they should have been paid as contemplated by their employment agreements, less amounts they actually were paid, together with interests, costs, disbursements, and attorneys' fees.

### Second Claim for Relief – Unpaid Wages and Overtime
### Fair Labor Standards Act – 29 U.S.C. 201 et seq.

59. Plaintiff repeats and realleges each and every allegation previously set forth herein.

60. Plaintiff brings this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. §§ 206, 207 and 216(b), and the Wage Orders issued under FLSA at 29 C.F.R. § 553.

61. At all times relevant to this Complaint, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(d).

62. At all times relevant to this Complaint, Defendants employed Plaintiff within the definition of the FLSA 29 U.S.C. § 203(e)(1).

63. At all times relevant to this Complaint, Defendants had gross operating revenues in excess of $500,000.00 thereby falling within the jurisdiction of FLSA 29 U.S.C. § 203(s)(1)(A) and (ii).

64. Plaintiff consents to sue in this action pursuant to the FLSA.

65. The FLSA requires each covered employer such as Defendants to compensate all no-exempt employees at a rate of not less than 1½ the regular rate of pay for work performed in excess of forty (40) hours in a work week.

66. Plaintiff was paid hourly and not exempt from the right to receive overtime pay under the FLSA.

67. At all times relevant to this Complaint, Defendants had a policy of willfully failing to make overtime payments for hours worked in excess of forty (40) hours per week.

68. As a result of Defendants' failure to compensate Plaintiff at a rate not less than 1½ time the regular rate of pay for work performed in excess of forty (40) hours in a work week, Defendant has violated and continues to violate FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

69. Defendants failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 255(a).

70. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff and others similarly situated, seek a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiff, and Plaintiff also seeks an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

## Third Claim for Relief – Unpaid Wages and Overtime

## New Jersey State Wage and Hour Law N.J.S.A. 34:11-56a et seq.

72. Plaintiffs repeat and reallege each and every allegation above as if set forth fully and at length herein.

73. At all times relevant to this action, Plaintiffs and all others similarly situated were employed by Defendants, within the meaning of N.J.S.A. 34:11-56a1 and the regulations thereunder including N.J.A.C. 12:56-2.1.

74. Pursuant to the New Jersey State Wage and Hour Law, Plaintiffs and all others similarly situated were entitled to certain overtime wages, which Defendants intentionally failed to pay in violation of such laws.

75. Plaintiffs and all others similarly situated regularly worked in excess of 40 hours per week for Defendants, but did not receive the proper wages and overtimes wages to which they were entitled.

76. Defendants failed to appraise Plaintiffs and all others similarly situated of their rights under New Jersey State Wage and Hour Law.

77. Defendants failed to furnish Plaintiffs and all others similarly situated with a statement with every payment of wages listing gross wages, deductions and net wages,

78. Defendants failed to keep true and accurate records of hours worked by each employee, including Plaintiffs and all others similarly situated, covered by a proper hourly wage rate, in contravention of N.J.S.A. 34:11-56a20.

79. Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of N.J.S.A. 34:11-56a20.

80. At all times relevant to this action, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated overtime wage at rates of at least 1.5 times their regular rate of pay for each and all hours he worked in excess of forty hours in a week, in violation of N.J.S.A. 34:11-56a4.

81. Due to Defendants' New Jersey State Wage and Hour Law violations, Plaintiff and all others similarly situated are entitled to recover from Defendants, their unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56a25.

82. Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fourth Claim for Relief

### Quantum Meruit

83. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

84. Plaintiff and all others similarly situated performed work and services for Defendants.

85. Plaintiff and all others similarly situated had a reasonable expectation of payment for the hours they worked for the Defendants.

86. Defendants failed to remunerate Plaintiff and all others similarly situated for all the hours they worked.

87. Defendants failed to pay Plaintiff and all others similarly situated an overtime rate of pay for all the hours they worked.

88. Plaintiff and others similarly situated are entitled to be paid for a reasonable value of their services less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

### Fifth Claim for Relief

### Fraud

89. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

90. At the times alleged herein, Defendants made fraudulent representations of fact to Plaintiff and all others similarly situated.

91. The misrepresentations included, but were not limited to, Defendants telling Plaintiffs and all others similarly situated that they would be paid all wages due, including overtime wages.

92. The misrepresentations include Defendants telling Plaintiff they would be paid overtime wages for hours worked above and beyond the initial 40 hours worked in a given week.

93. Defendants also told Plaintiff that there would be work for him and to wait until further instructions and come to work, when they knew that no further work was forthcoming.

94. Defendants' misrepresentation of the intent to perform was a knowing misrepresentation of a material fact.

95. Plaintiff relied on the Defendants' misrepresentation to his detriment.

96. Upon the misrepresentation, Plaintiff and all others similarly situated continued working for Defendants.

97. Defendants committed fraud against Plaintiff and all others similarly situated by failing to pay them all wages due.

## Sixth Claim for Relief

## Breach of Contract

98. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

99. On April 29, 2014, Defendant Michael Geniton, on behalf of Defendant All American Steel, and Plaintiff signed a note where Plaintiff lent Defendant a sum of $50,000 in consideration of interest of 15% quarterly. While Defendant paid $50,000, Plaintiff never paid the interest due in the sum of $7,500, as of July 29, 2014.

100. The amount of agreed upon interest was 15% per quarter.

101. The plaintiff is owed $7,500 with 15% quarterly interest calculated from July 29, 2014.

## Seventh Claim for Relief

## Breach of Contract

102. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

103. Defendant All American and Michael Geniton requested between October 2014 and January 2015 that Plaintiff charge various sums to his personal credit card to pay business expenses.

104. Foregoing Defendants were to pay back Plaintiff promptly.

105. They failed to pay Plaintiff the amounts charged.

106. Wherefore, Plaintiff demands a judgment for the sums charged to his personal credit cards as agreed between Plaintiff and All American and Michael Geniton.

## Eighth Claim for Relief

## Unjust Enrichment

107. Plaintiff repeats and realleges each and every allegation above as if set forth fully and at length herein.

108. Despite Plaintiff's demand for payment of unpaid wages, unpaid overtime wages, and unpaid wages along with other amounts due, the Defendants have refused to make Plaintiff whole.

109. Defendants have been enriched by Plaintiff's labor, not paying wages, overtime wages, and the prevailing wage rate of pay to Plaintiff.

110. It is against equity and fairness for Defendants to refuse to pay proper wages to Plaintiff.

111. The circumstances are such that equity and good conscience require Defendants to make restitution in the amount due to Plaintiff.

112. Wherefore, Plaintiff demands a money judgment in an amount proven at trial.


## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

(1) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.;

(2) As to the First Claim for Relief, award Plaintiff, and all others similarly situated, damages arising out of the breach of contract;

(3) As to the Second Claim for Relief, award Plaintiff, and all others similarly situated, their unpaid wages and overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(4) As to the Third Claim for Relief, award Plaintiff, and all others similarly situated, their unpaid wages and overtime wages due under the New Jersey Wage and Hour Law, together with costs and attorneys' fees pursuant to N.J.S.A. 34:11-56a25;

(5) As to the Fourth Claim for Relief, award Plaintiff, and all others similarly situated, the quantum meruit value of their labor;

(6) As to the Fifth Claim for Relief, award Plaintiff, and all others similarly situated, damages arising out of Defendants' fraud;

(7) As to the Sixth Claim for Relief, award Plaintiff damages arising out of the breach of contract, including interest due;

(8) As to the Seventh Claim for Relief, award Plaintiff damages arising out of the breach of contract, including interest due;

(9) As to the Eighth Claim for Relief, award Plaintiff damages for arising out of the unjust enrichment of the Defendant;

(10) Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(11) If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(12) An award of punitive damages for Defendants' willful violation of the FLSA;

(13) Award postjudgment interest pursuant to 28 U.S.C. § 1961;

(14) Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and N.J.S.A. 34:11-56a25.

(15) Award Plaintiff all other relief requested in this Complaint; and

(16) Award Plaintiff other, further and different relief as the Court deems just and proper.

Dated: New York, New York
April 15, 2016

          Respectfully submitted,

          **MARZEC LAW FIRM, PC**

By:    /s/ Darius A. Marzec
       Darius A. Marzec, Esq.
       Attorney for Plaintiff
       ANDRZEJ BAR
       225 Broadway, Suite 3000
       New York, NY 10007
       (212) 267-0200
       dmarzec@marzeclaw.com